UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAURICE JONES,<br><br>    Plaintiff,<br><br>v.<br><br>GARDA CL NEW ENGLAND, INC., and<br>GARDA CL ATLANTIC, INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No.<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

**TO:   The Chief Judge and Judges of the United States District Court for the District of Connecticut**

PLEASE TAKE NOTICE that, on this date, specially appearing defendants, Garda CL New England, Inc. and Garda CL Atlantic, Inc. ("Garda defendants" or "defendants"), through undersigned counsel, hereby remove the above-captioned case pending in the Superior Court of the Judicial District of New Haven at New Haven, New Haven County, Connecticut, to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are set forth below.[1]

## PROCEDURAL HISTORY

1. The action was commenced by Complaint filed as Docket No. NNH-CV13-6042437-S in the Superior Court of the Judicial District of New Haven at New Haven, New Haven, New Haven County, Connecticut. A copy of the summons and complaint are attached hereto as Exhibit A.

---

[1] The Garda defendants specially appear for the purposes of removal only and for no other purpose, and reserve all defenses, whether jurisdictional or otherwise, available to them.

2.  This is a motor vehicle negligence action in which the plaintiff seeks damages for personal injuries. According to the allegations contained in the complaint, plaintiff Maurice Jones sustained injuries on or around December 6, 2012 while traveling as a passenger on a public bus in New Haven, Connecticut. See complaint at ¶¶ 4, 5, 9. Specifically, the plaintiff alleges that as a result of the negligence of the defendants' agent, he suffered serious personal injuries and has incurred and will incur "expenses for medical, nursing, and rehabilitative care and equipment." Id. at ¶¶ 9, 10.

## TIMELY REMOVAL

3.  According to the docket, on or about October 16, 2013, the plaintiff filed the summons and complaint in the New Haven Superior Court, Judicial District of New Haven at New Haven, New Haven County, Connecticut.

4.  A copy of the summons and complaint were served upon the defendants on October 11, 2013.

5.  This Notice of Removal is being filed within thirty days of the service of the summons and complaint, and within one year of the commencement of the action. Thus, it is timely filed pursuant to 28 U.S.C. § 1446(b).

6.  The Garda defendants are the only defendants and therefore consent to this Notice of Removal.

## JURISDICTION

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed to this Court pursuant to 28 U.S.C. § 1441(a), in that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and this action involves citizens of different states.

8.  The complaint alleges that plaintiff Maurice Jones suffered severe personal injuries resulting from the negligence of the defendants' agent. See complaint at ¶ 9. The plaintiff's injuries include aggravation of a pre-existing circulatory problem, allegedly causing the amputation of his right leg, amputation of a portion of his left leg, and great pain and misery. Id. He further alleges that he has lost function and ability to fully carry on and enjoy all of life's activities. Id. at ¶ 11. Potential damages regarding future medical care are unknown.

9.  Although the Garda defendants specifically deny that the plaintiff is entitled to these sums, it is clear that the amount in controversy requirement is satisfied due to the fact that the potential compensatory damage award exceeds $75,000.00. Based on the nature of the plaintiff's claimed injuries and expenses, the amount in controversy can reasonably be said to exceed $75,000.00.

10. Complete diversity of citizenship exists in that the plaintiff and the Garda defendants are citizens of different States. The plaintiff, pursuant to the allegations contained in the complaint, resides in West Haven, Connecticut. See complaint at ¶ 2. The Garda defendants are incorporated under the laws of Delaware and maintain their principal place of business in the State of Florida.

### VENUE

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

12. This action is not a non-removable action as described in 28 U.S.C. § 1445.

### NOTICE

13. Pursuant to 28 U.S.C. § 1446(d), the Garda defendants will serve a written notice of this removal on counsel of record for the plaintiff and file a stamped copy of this Notice of Removal with the Civil Clerk's Office of the New Haven Superior Court at New Haven, New

Haven County, Connecticut. A copy of the Notice of Removal (without attachments) is attached as Exhibit B.

WHEREFORE, the Garda defendants request removal of the above-captioned matter from the Superior Court of the Judicial District of New Haven at New Haven, New Haven County, Connecticut, to the United States District Court for the District of Connecticut.

Dated: November 1, 2013.

GARDA CL NEW ENGLAND, INC. and
GARDA CL ATLANTIC, INC.,
By their Attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____/s/ Michelle M. Byers_____
James M. Campbell (Juris # 09276)
Michelle M. Byers (Juris # ct29149)
One Constitution Center
Boston, MA 02129
Tel: (617) 241-3000
Fax: (617) 241-5115
jmcampbell@campbell-trial-lawyers.com
mbyers@campbell-trial-lawyers.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2013, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Michael A. Stratton, Esq.
Stratton Faxon Trial Lawyers, LLC
59 Elm Street
New Haven, CT 06510

                                    */s/ Michelle M. Byers*
                                    Michelle M. Byers